# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO GRIFFIN, )<br>    )<br>    Movant, )<br>    )<br>v.   )<br>    )<br>UNITED STATES OF AMERICA, )<br>    )<br>    Respondent. ) | Case No. CV411-261<br>                CR410-005 |

## REPORT AND RECOMMENDATION

Relying upon a government concession that Antonio Griffin's trial counsel failed to file an appeal after he requested that she do so, the undersigned previously recommended that Griffin be granted an out-of-time appeal in this case. Doc. 75. The district judge rejected that recommendation and re-referred the 28 U.S.C. § 2255 motion so that an evidentiary hearing might be conducted to "ascertain the facts surrounding any failure or decision not to file a notice of appeal in this case." Doc. 79. The facts developed at that hearing establish that Griffin did in fact timely express a desire to appeal, that his counsel was made aware of that request but never acted upon it, and, consequently, that he

is entitled to an out-of-time appeal. The record further establishes that while his counsel was delinquent in her duties, there are extenuating circumstances here that militate against initiating attorney disciplinary proceedings for willful abandonment of a client.

On the eve of his scheduled trial, Griffin elected to plead guilty to possessing a firearm as a felon and possession with intent to distribute controlled substances. Doc. 21 (superseding indictment); doc. 55 (change of plea); doc. 68 (transcript of Rule 11 hearing conducted October 1, 2010). At his sentencing hearing on March 9, 2011, the Court advised Griffin of his appellate rights and noted that "you are entitled to assistance of counsel in taking an appeal, and if you're unable to afford a lawyer one will be provided for you." Doc. 69 (sentencing transcript) at 10. In a letter to the Court, Griffin later requested appointed counsel and indicated that he was "trying to go up for an appeal." Doc. 65 (filed March 18, 2011, 9 days after sentencing). No appeal was ever filed, and although the Clerk docketed Griffin's letter as a "Motion to Appoint

Counsel," the Court did not address the motion until July 3, 2012, after he filed his § 2255 motion.[1]  Doc. 76.

In an affidavit submitted at the Court's direction, Griffin's counsel, Nicole King, explained that at the time Griffin retained her services they reached an understanding that she "had not been retained to take an appeal, only to defend his case before the district court."[2]  Doc. 81-1 at 2. The Court advised Ms. King at the evidentiary hearing that her private agreement with her client could not serve to contravene rules promulgated by both the Eleventh Circuit and this Court requiring a criminal defense attorney to continue to represent his or her client through a direct appeal unless excused by court order.  11th Cir. R. 46-10(a) ("Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either

---

[1] Had this "motion" been addressed immediately, perhaps the Court would have discovered that Nicole King, who was still counsel of record, was under the mistaken impression that her duties to Griffin ended at sentencing and, therefore, could then have corrected her error within the 5 days remaining for taking an appeal. But the Court cannot be faulted too much here, for the sentencing judge was entitled to assume that Ms. King was familiar with the rules and understood her obligation to protect her client's appellate rights, as she had neither sought nor been granted leave to withdraw from the case.

[2] At the evidentiary hearing Ms. King stated that, in a departure from her usual practice, she had no written retained agreement with Griffin, as he became her client through a family connection. She charged him $5,000 for handling his case at trial, and as he did not plead guilty until the eleventh hour, she invested considerable time preparing for trial.

enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order the court."); S.D. Ga. L.R. 83.6(e) ("No attorney shall withdraw his appearance in any action or proceeding, either civil or criminal, except by leave of the Court as hereinafter prescribed."). Ms. King should have been aware of these rules, for consistent with its standard practice, the Court furnished her with its "Notice to Retained Criminal Defense Attorneys" at the outset of this case, advising her that she was expected to represent her client "until the conclusion of [his] case" and that "a convicted defendant's case is not concluded until his direct appeal is decided." Doc. 10.[3]

The Court explained to Ms. King at the evidentiary hearing that regardless of any private contractual agreement with a client, she was bound by the rules of court and therefore was obligated to protect Griffin's appellate rights. While King acknowledged that she is *now* aware of this obligation, she adverted to her state-court cases where, evidently, it is the custom and practice for counsel to undertake trial-

---

[3] That notice further instructs that retained counsel must file a motion to withdraw should the client seek to secure the appointment of counsel under the Criminal Justice Act on appeal. *Id.* At no point did Ms. King seek leave from either this Court or the Eleventh Circuit to withdraw from her representation of Mr. Griffin.

4

only representation of a criminal defendant and then to exit a case, without leave of court, upon conviction. (The government did not challenge this point.) Ms. King also represented that neither her client nor his family ever complained about her failure to file an appeal, doc. 81-1 at 2, and she stated at the evidentiary hearing that she had no recollection of Griffin indicating that he wanted her to handle his appeal. Ms. King did not deny that she was served with the Court's notice advising her that she must continue to represent Griffin on appeal unless excused from doing so by Court order. Either Ms. King did not read that notice or failed to appreciate its significance, for the Court accepts her explanation that her failure to protect Griffin's appellate rights resulted from ignorance of her obligations, not a deliberate abandonment of a known duty.

The record reflects that nine days after sentencing Griffin submitted a letter to the Court expressing a desire to appeal. Doc. 65. Because King remained counsel of record at the time, a copy of that request was electronically served on her. But it must be noted that this letter also reflects Mr. Griffin's dissatisfaction with Ms. King and that he had filed a complaint with the State Bar about her services in the case.

Since Ms. King was already laboring under the misimpression that her services to Griffin had ended pursuant to their contractual agreement, the Court is unable to conclude that his letter would have awakened in her the need to take any action to protect his appellate rights. Since the district judge advised Griffin at sentencing that counsel "will be provided" by the Court if he was "unable to afford a lawyer" on appeal, and since Griffin specifically requested appointment of counsel, doc. 69 at 10, King evidently assumed, though unreasonably, that her client's interest would be protected without any further effort on her part.[4]

This much is clear: Griffin gets an out-of-time appeal because the record establishes that he expressed the desire to appeal within the 14-day deadline established by the rules. *Roe v. Flores Ortega*, 528 U.S. 470, 477 (2000) (a lawyer who is aware of her client's desire to appeal "acts in a manner that is professionally unreasonable" when she neglects to file the notice of appeal). While it is true the Court advised Griffin that the clerk would prepare and file a notice of appeal on his behalf *if* he so

---

[4] Her belief was unreasonable, as the Court was justified in its expectation that she would continue to represent Griffin on appeal unless she formally moved to withdraw from further representation and obtained leave to do so. The Court was unaware of King's contractual agreement with Griffin to represent him only for trial, and even if it had been made aware of that agreement, it was not a foregone conclusion that she would have been excused from the case.

6

requested, doc. 69 at 10, because King remained Griffin's counsel and was aware of his desire to appeal, she was obligated to protect his rights and file the notice for him.

What is less clear is whether the Court should initiate disciplinary proceedings against Ms. King for failing to respect the rules that govern the conduct of retained counsel in a criminal case. In one sense, her default is inexcusable, for the Court took pains to notify her of these obligations at the outset of this case. On the other hand, the Court fully credits Ms. King's claim that she was ignorant of her obligations, felt that her private retainer agreement with Griffin controlled, and assumed that other counsel would be appointed for Griffin should he express a desire to appeal. Her belief was unreasonable, but it was honestly held.[5] But her error here was so consequential and so fundamentally wrong (and costly), that the Court may want to consider removing Ms. King from the CJA appointment list for a period of one year. No attorney has any entitlement to such appointments, and thus no formal disciplinary proceedings are necessary to withhold from her what she had no right to

---

[5] Ms. King is certainly now aware of her obligations, for the undersigned spent considerable time at the evidentiary hearing explaining them. So she is not likely to repeat this mistake in the future.

7

receive. Depriving her of such appointments would touch her pocketbook and impress upon her the need to learn and respect the rules which govern the practice before this Court. Of course should she appear as retained counsel during the interim, the undersigned will remind her of these proceedings and require her to submit a signed acknowledgment that she has received, read, and understood the standard Notice to Retained Criminal Defense Attorneys.

Griffin's § 2255 motion should be **GRANTED** so that he may pursue an out-of-time direct appeal. The Eleventh Circuit set forth the procedure courts must follow when allowing such appeals in *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000): (1) the judgment in movant's criminal case should be vacated; (2) the Court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his re-imposed sentence; and (4) movant should be advised that he has 14 days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. *Id.* at 1201. As it is clear that Griffin desires to appeal, the Court should instruct the Clerk to file a notice of his appeal on his behalf

as soon as the new judgment is entered. (Griffin's new lawyer, Charles Michael Johnson, is also charged with ensuring that a timely notice of appeal is filed.)

**SO REPORTED AND RECOMMENDED** this 6th day of November, 2012.

                                                                     UNITED STATES MAGISTRATE JUDGE
                                                                     SOUTHERN DISTRICT OF GEORGIA